# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAMEN NEIL VANATTA,**

    **Plaintiff,**

v.              Case No. 18-CV-929

**JON LITSCHER,** *et al.*,

    **Defendants.**

## ORDER

  Plaintiff Damen Neil Vanatta, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was an inmate at Fox Lake Correctional Institution. He also filed a motion for leave to proceed without prepaying the filing fee. The court has jurisdiction to resolve Vanatta's motion and to screen the complaint based on the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

*Motion for Leave to Proceed without Prepaying the Filing Fee*

The Prison Litigation Reform Act applies to this case because Vanatta was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On June 21, 2018, the court ordered Vanatta to pay an initial partial filing fee of $19.57. He paid that fee on June 29, 2018. Therefore, the court will grant Vanatta's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

*Screening of the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Complaint's Allegations*

Vanatta is an inmate at Fox Lake Correctional Institution. He is suing numerous defendants because he alleges that the water at Fox Lake is contaminated with lead and copper. Vanatta alleges that he began to experience severe skin irritation, continuous headaches, stomach pains, diarrhea, joint pain, nausea, frequent urination, and lower back pain. He alleges that, not knowing what caused his symptoms, medical staff was contacted—though he does not say by whom or when. Vanatta says he was informed that the drinking water at the facility was contaminated and had been for quite some

3

time. He was directed to a memo and television infomercial on the prison channel that said the water was contaminated with lead.

Vanatta filed a complaint stating that he had all the symptoms of heavy metal poisoning. He asked for a blood test and free bottled water. Defendant L. Bartow dismissed his complaint. Vanatta appealed. He alleges that defendants Julie Ludwig, Candace Whitman, and Charles Larson (medical employees) denied his requests for a heavy metals blood test and bottled water. Vanatta alleges that defendants Litscher, Hepp, Kruger, Maggioncalda, Bethke, LaBelle, and John and Jane Does 1-10 knew about the contaminants in the prison drinking water and did not take any action. Specifically, he alleges that consent orders were set into place with the Wisconsin Department of Natural Resources ("DNR"). He further alleges that consent orders were violated and that officials still have not fixed the problem; the lead and copper levels in the water remain too high.

*Analysis*

Section 1983 is a personal liability statute. That means that only public employees who are personally responsible for a constitutional violation can be found liable under the statute. *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009). Vanatta lists a couple of defendants against whom he makes no allegations in the body of his complaint. Specifically, Vanatta makes no factual allegations against William Weisensel or Terry Kiser. Without allegations about what these two defendants did or did not do, tthe

court cannot infer they were personally involved in causing the harm Vanatta alleges he suffered.

However, Vanatta's complaint does contain specific allegations about several of the defendants. He makes explicit allegations that defendants Steven Sisbach and Randall Hepp had knowledge of the contaminated water because they signed the consent orders with the DNR. He alleges that Hepp and defendant John Maggioncalda had enforcement conferences with the DNR, and that defendant Peter Gallum received a noncompliance letter from the DNR. They, too, knew about the contaminated water. He also alleges that defendant Randy Mattison, who works for the department of corrections in Madison, received several noncompliance letters from the DNR and knew about the issues with the water.

Based on these allegations, Vanatta has stated an Eighth Amendment conditions of confinement claim against Sisbach, Hepp, Maggioncalda, and Gallum. This type of claim requires him to allege that he was deprived of something "sufficiently serious" such that he was denied "the minimal civilized measure of life's necessities" and that the defendants acted with deliberate indifference to the condition(s) at issue. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted)). He has done so. However, the court will not allow him to proceed against Litscher, Kruger, Bethke, LaBelle, and John and Jane Does 1-10 because he does not say how they knew about the contaminated water or what any of

5

them should have done. His allegations are conclusory and insufficient to move forward against these defendants.

As to defendants Ludwig, Whitman, and Larson, Vanatta alleges that they failed to provide him a blood test and bottled water (that was not contaminated with lead and copper). Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Accordingly, a claim based on deficient medical care must demonstrate two things: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. *Arnett*, 658 F.3d at 750 (citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006)). While Vanatta's claim is sparse, he alleges a harm—a variety of symptoms that could constitute a serious medical condition—and that Ludwig, Whitman, and Larson knew about it and did not help him. That is sufficient at this stage of the proceedings. He may continue on this claim as well.

*Litigation in the Western District of Wisconsin*

The issue of contaminated water at Fox Lake is being litigated in the Western District of Wisconsin in Case No. 16-CV-406, which has been consolidated with eight other related cases (Case Nos. 16- CV -745, 16- CV -826, 17- CV -513, 17- CV -611, 17- CV -843, 17- CV -946, and 17-CV-957). That court has appointed counsel as well as experts and the case is in the discovery stage. It appears that Vanatta is aware of that litigation

because in his requested relief he asks that the attorney handling Case No. 16-CV-406 be "assigned" to his case as well.

Vanatta can request that this case be transferred to the Western District of Wisconsin, where there is already pending parallel litigation on this very issue. Alternatively, the court will stay this case pending the outcome of the Western District case. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (explaining that the court has "broad discretion to stay proceedings as an incident to its power to control its own docket"); *Jackson v. Van Kampen Series Fund, Inc.*, 2007 WL 1532090, *2 (S.D. Ill. May 24, 2007) (internal citations omitted) (supporting *sua sponte* entries of stays as exercise of the court's inherent authority to manage its docket). Given that the issue of liability here is the same as in the case pending in the Western District, which is further along, it is more efficient to allow that case to proceed first to resolve the issue of whether the water at Fox Lake was contaminated, a question of fact common to both cases.

Vanatta has until October 31, 2018 to inform the court how he wishes to proceed. The court advises Vanatta that a transfer to the Western District of Wisconsin does not guarantee that his case will be consolidated with Case No. 16-CV-406 or that he will be appointed an attorney. The defendants do not need to file an answer to the complaint at this time.

**ORDER**

The court **GRANTS** Vanatta's motions for leave to proceed without prepayment of the filing fee (ECF No. 2).

The court **ORDERS** that defendants William Weisensel, Terry Kiser, Jon E. Litscher, Chris Kruger, Steve Bethke, J. LaBelle, and John and Jane Does 1-10 are **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS** the clerk's office to electronically send copies of Vanatta's complaint and this order to the Wisconsin Department of Justice for service on defendants Warden Randall R. Hepp, John Maggioncalda, Candace Whitman, Charles Larson, Steven L. Sisbach, David Borkham, Julie Ludwig, Randy Mattison, Pete Gallum, and L. Bartow.

The court **ORDERS** that the defendants do not need to file an answer at this time.

The court **ORDERS** that Vanatta has until **October 31, 2018** to inform the court how he would like to proceed.

The court **ORDERS** that the agency having custody of Vanatta shall collect from his institution trust account the $330.43 balance of the filing fee by collecting monthly payments from Vanatta's prison trust account in an amount equal to 20% of the preceding month's income credited to Vanatta's trust account and forwarding payments

to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Vanatta is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with Vanatta's remaining balance to the receiving institution.

The court **ORDERS** that a copy of this order be sent to the officer in charge of the agency where Vanatta is confined.

The court **ORDERS** Vanatta to mail all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises Vanatta that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 19th day of October, 2018.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge